IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION;<br>AMERICAN CIVIL LIBERTIES UNION FOUNDATION;<br>AMERICAN-ARAB ANTI DISCRIMINATION<br>COMMITTEE; GREENPEACE; PEOPLE FOR THE<br>ETHICAL TREATMENT OF ANIMALS; and<br>UNITED FOR PEACE AND JUSTICE,<br><br>          Plaintiffs,<br><br>   v.<br><br>FEDERAL BUREAU OF INVESTIGATION; and<br>UNITED STATES DEPARTMENT OF JUSTICE<br><br>          Defendants. | Civ. A. No. 1:05-CV-1004 (ESH)<br><br>Judge Ellen S. Huvelle |

## ANSWER

Defendants, by and through their undersigned counsel, hereby answer the Plaintiffs' Complaint as follows.

### First Affirmative Defense

Plaintiffs have failed to exhaust applicable administrative remedies with respect to their FOIA requests.

### Second Affirmative Defense

Defendants respond to the numbered paragraphs of the Complaint as set forth below.

1. This paragraph sets forth Plaintiffs' characterization of this action, to which no answer is required, but insofar as an answer may be required, admit.

2. Deny, except to admit that Plaintiffs made the FOIA requests at issue in this case by two letters both dated December 2, 2004, to which the Court is referred for a full and complete statement of their content.

3. In the first two sentences, admit that Plaintiffs requested expedited processing for the reasons stated in their two letters both dated December 2, 2004, to which the Court is referred for a full and complete statement of their content. Admit the third sentence. Defendant FBI denied Plaintiffs' requests for expedited processing on behalf of itself and the DOJ Office of Public Affairs ("OPA") by letters dated May 25, 2005 and June 6, 2005 respectively.

4. Deny the first sentence to the extent that Plaintiffs have failed to exhaust applicable administrative remedies with respect to their FOIA requests. The second sentence sets forth a legal conclusion and insofar as an answer may be required, admit that the Court would have jurisdiction in this action to review exhausted FOIA claims under 5 U.S.C. § 552(a)(4)(B). Admit the third sentence.

5. Defendants lack knowledge or information sufficient to admit or deny this paragraph.

6. Defendants lack knowledge or information sufficient to admit or deny this paragraph.

7. Defendants lack knowledge or information sufficient to admit or deny this paragraph.

8. Defendants lack knowledge or information sufficient to admit or deny the first four sentences. The averments in the last sentence are too vague and ambiguous to admit or deny or otherwise respond.

9. Defendants lack knowledge or information sufficient to admit or deny this paragraph.

10. Deny; the FBI is a component of the Department of Justice, which is a

Department of the Executive Branch of the United States Government; DOJ is an agency within the meaning of 5 U.S.C. § 552(f)(1).

11. Admit the first two sentences. Deny the third sentence, except to admit that the Department of Justice is the proper party-defendant in this action.

12. This paragraph sets forth legal conclusions and insofar as an answer may be required, deny.

13. This paragraph is a statement of Plaintiffs' argument and opinion as to why their FOIA request is entitled to expedited processing and insofar as an answer may be required, deny.

14. Deny the first sentence. Defendants lack knowledge or information sufficient to admit or deny the second and third sentences. Admit the fourth sentence. Defendants lack knowledge or information sufficient to admit or deny the remainder of the paragraph.

15. Admit that the referenced article was published in the New York Times on November 23, 2003, to which the Court is referred for a full and complete statement of its content.

16. In the first three sentences of this paragraph, which purport to summarize and characterize extensive historical events by reference to a Senate Commission report, admit that a Congressional Commission chair by Senator Church undertook an investigation and issued a report, to which the Court is referred for a full and complete statement of its content. Deny the remainder of the paragraph, except to admit that Attorney General Levi issued investigative guidelines in December 1976, which were replaced by Attorney General Civiletti in December 1980, to which the Court is referred for a full and complete statement of their content.

17. Deny the first sentence, except to admit that revised guidelines were announced

by Attorney General Ashcroft on May 30, 2002. Sentences two through six purport to quote a statement by the Attorney General on May 30, 2002, to which the court is referred for a full and complete statement of its content. See www.usdoj.gov/archive/ag/speeches/2002/53002agpreparedremarks.htm The last sentence of this paragraph quotes an ACLU press release, to which the Court is referred for a full and complete statement of its content.

      18.     For the first sentence, Defendants deny that Plaintiffs demonstrated that their FOIA request is entitled to expedition under FOIA and otherwise lack knowledge or information sufficient to admit or deny the first sentence. The remainder of the paragraph characterizes several media reports, to which the Court is referred for a full and complete statement of their content.

      19.     Defendants lack knowledge or information sufficient to admit or deny the allegation in this paragraph, which appears to be based on several media reports to which the Court is referred for a full and complete statement of their content.

      20.     Deny the first sentence, except to admit that Joint Terrorism Task Forces "are teams of state and local law enforcement officers, FBI Agents, and other federal agents and personnel who work shoulder-to-shoulder to investigate and prevent acts of terrorism." See www.fbi.gov/terrorinfo/counterrorism/partnership.htm. Admit the second, third, and fourth sentences, which excerpt statements made on Defendant FBI's website, to which the Court is referred for the full and complete content of the referenced statement. See www.fbi.gov/terrorinfo/counterrorism/ partnership.htm.

      21.     This paragraph characterizes several media reports to which the Court is referred

for a full and complete statement of their content.

22. Admit the first sentence. The second sentence characterizes Plaintiffs' FOIA requests, to which the Court is referred for a full and complete statement of their content.

23. The first sentence characterizes one of the Plaintiffs' FOIA requests, to which the Court is referred for a full and complete statement of its content. Defendants lack knowledge or information sufficient to admit or deny the second sentence. The third sentence characterizes one of the Plaintiffs' FOIA requests, to which the Court is referred for a full and complete statement of its content.

24. This paragraph characterizes one of the Plaintiffs' FOIA requests, to which the Court is referred for a full and complete statement of its content.

25. This paragraph characterizes one of the plaintiff's FOIA requests, to which the Court is referred for a full and complete statement of its content.

26. This paragraph characterizes one of the plaintiff's FOIA requests, to which the Court is referred for a full and complete statement of its content.

27. Admit the first sentence; the Court is referred to the referenced February 8, 2005, letter for a full and complete statement of its content. The second sentence characterizes Plaintiffs' letter to the FBI of February 8, 2005, to which the Court is referred for a full and complete statement of its content. Deny the third sentence; the Court is referred to Defendant FBI's letters dated May 25, 2005 and June 6, 2005, respectively, in which Plaintiffs' requests for expedited processing were denied on behalf of the FBI and DOJ OPA.

28. Admit the first sentence. Deny the second sentence.

29. Deny. The Court is referred to Defendant FBI's letters dated May 25, 2005 and

June 6, 2005, respectively, in which Plaintiffs' requests for expedited processing were denied on behalf of the FBI and DOJ OPA.

    30.    Admit.  Defendant FBI denied Plaintiffs' requests for expedited processing by letters dated May 25, 2005 and June 6, 2005.

    31.    Admit.

    32.    Deny.

    33.    Deny.

    34.    This paragraph sets forth a legal conclusion and insofar as an answer may be required, deny.

    35.    This paragraph sets forth a legal conclusion and insofar as an answer may be required, deny.

    36.    This paragraph sets forth a legal conclusion and insofar as an answer may be required, deny.

    WHEREFORE, having Answered the Plaintiffs' Complaint, Defendants deny that the Plaintiffs are entitled to the relief requested and pray that this action be dismissed, that judgment be entered in favor of Defendants, and that the Court grant Defendants such and further relief as may be appropriate.

      Respectfully Submitted,

      PETER D. KEISLER
      Assistant Attorney General

      KENNETH L. WAINSTEIN
      United States Attorney

      ELIZABETH J. SHAPIRO
      (D.C. Bar No. 418925)
      Assistant Branch Director
      United States Department of Justice
      Civil Division, Federal Programs Branch
      20 Massachusetts Avenue, N.W. Room 7152
      Telephone:  (202) 514-5302
      Facsimile:  (202) 616-8470
      Email:  Elizabeth.Shapiro@usdoj.gov

        /s/ Anthony J. Coppolino
      ANTHONY J. COPPOLINO
      (D.C. Bar No. 417323)
      Special Litigation Counsel
      United States Department of Justice
      Civil Division, Federal Programs Branch
      20 Massachusetts Avenue, N.W. Room 6102
      Telephone:  (202) 514-4782
      Facsimile:  (202) 616-8460
      Email:  tony.coppolino@usdoj.gov

Dated:  June 20, 2005

CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2005, the foregoing Answer was filed electronically and served by means of the Court's ECF notice system. See Local Rule 5.4(d)(1). If otherwise necessary, the foregoing will also be served directly by electronic mail on:

Arthur B. Spitzer at artspitzer@aol.com and courtfilings@aclu-nca.org; and

Ben Wizner
bwizner@aclu.org
Staff Attorney
American Civil Liberties Union
125 Broad St., 18th Flr.
New York, NY 10004

    /s/ Anthony J. Coppolino
ANTHONY J. COPPOLINO