IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, *et al.*, | )<br>)<br>) Civ. A. No. 1:05-CV-1004 (ESH) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| FEDERAL BUREAU OF INVESTIGATION,<br>UNITED STATES DEPARTMENT OF JUSTICE, | )<br>)<br>) |
| Defendants. | )<br>) |

Exhibit L to Coppolino Declaration

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

JUL 26 1999

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

```
ANTHONY SUMMERS,            )
                            )
        Plaintiff,          )
                            )
   v.                       )   Civil Action No. 98-1682 (RWR)
                            )
CENTRAL INTELLIGENCE AGENCY,)
et al.,                     )
                            )
        Defendants.         )
                            )
```

### MEMORANDUM OPINION AND ORDER

Anthony Summers, a journalist writing a book on former President Nixon and Watergate, sought under the Freedom of Information Act ("FOIA") certain documents from three federal agencies. Having received none, he brought this action to compel release of the requested documents. Defendant FBI[1] has moved for a stay of proceedings until January, 2000, pursuant to <u>Open America v. Watergate Special Prosecution Force</u>, 547 F.2d 605 (D.C. Cir. 1976), to allow it to process Mr. Summers' request. Because the FBI has demonstrated due diligence in processing a large volume of requests, and Mr. Summers has shown no exceptional urgency, the FBI's motion for a stay will be granted.

---

[1] The complaint names as a defendant the United States Department of Justice, of which the FBI is a component. For ease of reference, the Court will refer to the defendant as the FBI.



-2-

Under FOIA, a court may retain jurisdiction and give an agency additional time to respond to a FOIA request "[i]f the Government can show exceptional circumstances exist and that the agency is exercising due diligence in responding to the request." 5 U.S.C.A. § 552(a)(6)(C)(i) (West. Supp. 1999). Exceptional circumstances exist when an agency "is deluged with a volume of requests for information vastly in excess of that anticipated by Congress, when the existing resources are inadequate to deal with the volume of such requests within the time limits of [5 U.S.C. § 552(a)(6)(A)], and when the agency can show that it 'is exercising due diligence' in processing the requests." Open America, 547 F.2d at 616. Such exceptional circumstances do not include "a delay that results from a predictable agency workload of requests . . . unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." 5 U.S.C.A. § 552(a)(6)(C)(ii).

The FBI has demonstrated through its affidavits that exceptional circumstances do exist, the agency is exercising due diligence in processing requests, and it is making reasonable progress in reducing its backlog. According to the declaration of Scott A. Hodes, an Attorney-Advisor in the Litigation Unit of the Freedom of Information-Privacy Acts ("FOIPA") Section, as of January 31, 1999, the FBI Headquarters had approximately 9856 FOIA and Privacy Act requests on hand, involving review of approximately 1.9 million pages. Def. FBI's Mem. Supp. "Open

-3-

America" Stay Ex. 1 ¶ 22. The FOIPA Section personnel also spend time on appeals, litigation, and large projects. Id. ¶¶ 23-25. Because of increased staffing and streamlining efforts, the FOIPA Section backlog has decreased from the 16,244 requests on hand on December 31, 1996. Id. Ex. 1 ¶¶ 27-28. The FBI uses a three-queue system to process FOIA requests, assigning cases according to the date filed and the total page count of documents responsive to a request. Id. Ex. 1 ¶ 8. While the general procedure provides for requests to be processed within each queue based on date of receipt, later requests may sometimes be assigned and/or finished before earlier ones, depending on factors such as size, complexity, and national security issues. Id. Ex. 1 ¶¶ 9-12; Def. FBI's Reply Ex. 6 ¶ 4.

Mr. Summers disputes the FBI's assertion that it exercises due diligence, pointing to several FOIA requests made by clients of Mr. Summers' counsel and to charts indicating requests that have been processed before older requests. The FOIA requests of counsel's clients and the charts do not demonstrate an absence of due diligence. The FBI has adequately explained the status of the twelve matters raised in Mr. Summers' opposition and the reasons why some requests are processed before other, earlier requests. The charts filed with Mr. Summers' supplemental memorandum are incomplete and fail to account for the reasons provided by the FBI as to why some requests may be processed before earlier requests in the same queue. The charts are meant

to show the Court how unreasonable the FBI's process is, although they exclude key information. For example, the first chart, listing small queue requests, does not include requests where no date was given for the closing of processing. It does not, then, address how many other requests have sat as long as or longer than Mr. Summers' request. That chart also leaves out likely preprocessed requests, which would presumably take up some time of FOIPA personnel.

The most that Mr. Summers' papers may indicate is that the FBI's production — as compared with its processing — does not strictly follow the order of receipt of requests. While <u>Open America</u> specifically approved of a first-in, first-out process, it did not hold that such a process is the sole means by which an agency could be permitted a stay. <u>See</u> 547 F.2d at 616. Indeed, <u>Open America</u> states that "[g]ood faith and due diligence call for a procedure which is fair overall in the particular agency." <u>Id.</u> at 615. The FBI's affidavits establish that it is proceeding in a manner designed to be fair and expeditious. Therefore, this Court finds that the FBI has demonstrated that exceptional circumstances exist that would warrant a stay, is exercising due diligence, and is making reasonable progress in reducing its backlog. No discovery is warranted regarding the FBI's due diligence.

In his responses to the FBI's request for a stay, Mr. Summers has not demonstrated a "genuine need and reason for

-5-

urgency in gaining access to Government records ahead of prior applicants for information." Open America, 547 F.2d at 616.

The FBI asserts that the earliest Mr. Summers' request could be assigned for processing will be September, 1999, and that the review will likely be completed and information made available to Mr. Summers in January, 2000. Def. FBI's Mem. Supp. "Open America" Stay Ex. 1 ¶¶ 30-31. Therefore, the stay will be granted until January, 2000.

For the foregoing reasons, it is hereby

ORDERED that defendant's Motion for an "Open America" Stay [7] be and hereby is GRANTED. All proceedings with respect to plaintiff's FOIA request for documents maintained by the FBI that is the subject of the First Cause of Action of the First Amended Complaint for Injunctive Relief are stayed until January 1, 2000. Requests for extensions of the stay will be disfavored. It is further

ORDERED that the FBI shall submit a status report to this Court regarding the processing plaintiff's request within 45 days from the date this Order is filed, and every 45 days thereafter until the stay is lifted or this matter is resolved.

ENTERED this 23rd day of July, 1999.

*[signature]*

RICHARD W. ROBERTS
United States District Judge