THE
ROGER
BALDWIN
FOUNDATION
OF ACLU,
INC.



**ROGER BALDWIN FOUNDATION
OF ACLU, INC.**

SUITE 2300
180 NORTH MICHIGAN AVENUE
CHICAGO, ILLINOIS 60601-1287
312) 201-9740
FAX (312) 201-9760
WWW.ACLU-IL.ORG

December 2, 2004

Federal Bureau of Investigation
Record Information/Dissemination Section
Service Request Unit, Room 6359
935 Pennsylvania Avenue, N.W.
Washington, D.C. 20535

Federal Bureau of Investigation
Chicago Field Office
219 South Dearborn Street, Room 905
Chicago, Illinois 60604

U.S. Department of Justice
Director of Public Affairs
Office of Public Affairs, Room 1128
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

Re:    **REQUEST UNDER FREEDOM OF INFORMATION ACT/
       Expedited Processing Requested**

Attention:

This letter constitutes a request under the Freedom of Information Act ("FOIA"), 5
U.S.C. § 552, by the American Civil Liberties Union of Illinois and the Roger Baldwin
Foundation of ACLU, Inc. (collectively, "ACLU of Illinois), on their own behalf and on
behalf of the American Friends Service Committee Great Lakes Region, the Community
Renewal Society, the Council on American-Islamic Relations Chicago Chapter, the
Council of Islamic Organizations of Greater Chicago, the Fellowship of Reconciliation
Chicago Area Chapter, the Muslim Bar Association, the Muslim Civil Rights Center, the
Oak Park Coalition for Peace and Justice, Mohammed Rasheed Ahmed, Colleen Connell,
Seema Akhtar Imam, Kareem M. Irfan, Zubair Ahmad Kahn, Michael John McConnell,
Kevin McDermott, Ed McManus, Calvin Morris, and Mohammed Yaser Tabbara
(collectively, "the Requestors"). This letter also constitutes a request under the Privacy
Act, 5 U.S.C. § 552a, on behalf of the aforementioned individuals.

\

## I.    The Requestors

The Requestors are the following 9 organizations and 10 individuals.  Authorization forms and identifying information for these individuals are attached below.

1.    The ACLU of Illinois works to protect civil rights and civil liberties.  It has challenged the U.S. government's broad surveillance of innocent people as part of the war on terrorism, the secret and unchecked surveillance powers of the Patriot Act, and the unfair questioning and detention of immigrants.  For example, ACLU of Illinois attorneys have provided direct representation to individuals targeted by the Federal Bureau of Investigation ("FBI") and state and local police on the basis of religion and national origin, and for exercising their First Amendment right to criticize the government.  It is a non-profit organization.

2.    The American Friends Service Committee ("AFSC") Great Lakes Region opposes war and injustice.  Founded by Quakers in 1917, the AFSC is a vocal opponent of the war in Iraq.  In 2002, the AFSC Great Lakes Region was targeted for surveillance by the Chicago Police Department regarding its participation in a parade opposed to unchecked globalization.  Also, the local affiliate of the AFSC in Denver, Colorado, was targeted for surveillance by local law enforcement as part of a Joint Terrorism Task Force investigation.  It is a non-profit organization.

3.    The Council of American-Islamic Relations Chicago Chapter seeks to enhance understanding of Islam, encourage dialogue, protect civil liberties, empower American Muslims, and build coalitions that promote justice and mutual understanding.  It is a grassroots, non-profit membership organization.

4.    The Council of Islamic Organizations of Greater Chicago is an umbrella organization of nearly 50 Muslim groups in Chicago, including mosques, schools, community centers, professional associations, civil rights organizations, and social services providers.  Its objectives include communication and coordination within the Muslim community, advocacy on civil liberties and social justice issues, and establishing collaborative relationships with public and private non-Muslim organizations.  It is a non-profit organization.

5.    The Community Renewal Society is a faith-based advocacy organization located in Chicago and affiliated with the United Church of Christ.  Since its creation in 1882, it has worked to create racially and economically just communities.  It seeks to influence public policy, provides technical assistance to emerging grassroots organizations, and supports congregations in reaching out to their communities.  It has publicly opposed the war in Iraq, the Patriot Act, and the mass detentions and interrogations of immigrants.  It is a non-profit organization.

6.    The Fellowship of Reconciliation ("FOR") Chicago Area Chapter supports domestic and international peace and justice, nonviolent alternatives to conflict, and the rights of conscience.  FOR is affiliated with an international movement

active in 40 nations.  FOR has publicly opposed the war in Iraq and the Patriot Act.  It is an interfaith, non-profit organization.

7. The Muslim Bar Association is comprised of lawyers and law students in the greater Chicago area.  Its members have represented immigrants as well as citizens in FBI interviews.  It seeks to serve both the Muslim legal community and the Muslim community at large.  It is a non-profit organization.

8. The Muslim Civil Rights Center is a community-based organization active in the greater Chicago area.  Its mission is to raise awareness among Muslims in the United States regarding civil and human rights issues through advocacy, education, and collaborative support.  It is a non-profit organization.

9. The Oak Park Coalition for Truth and Justice is a group of citizens in the near-west suburbs of Chicago who support humanitarian alternatives to war, and civil liberties.  It has sponsored town meetings, candlelight vigils, petition efforts, and several marches and rallies.  It successfully petitioned the City of Oak Park to adopt resolutions opposing the war in Iraq and the Patriot Act.  It is a non-profit organization.

10. Mohammed Rasheed Ahmed is the President of the Muslim Civil Rights Center.

11. Colleen Connell is the Executive Director of the ACLU of Illinois.

12. Seema Akhtar Imam is the Vice President of the Muslim Civil Rights Center.

13. Kareem M. Irfan is the Chairman of the Council of Islamic Organizations of Greater Chicago.

14. Zubair Ahmad Kahn is the President Elect of the Muslim Bar Association.

15. Michael John McConnell is the Regional Director of the Great Lakes Region of the American Friends Service Committee.

16. Kevin McDermott is the Executive Director of the Oak Park Coalition for Truth and Justice.

17. Ed McManus is the Executive Director of the Chicago Area Chapter of the Fellowship of Reconciliation.

18. Calvin Morris is the Executive Director of the Community Renewal Society.

19. Mohammed Yaser Tabbara is the Executive Director of the Chicago Chapter of the Council on American-Islamic Relations.

## II.    The request for information

The Requestors listed above in Part I seek disclosure of any records[1] maintained by the FBI, the National Joint Terrorism Task Force ("JTTF"), and/or any local JTTF, relating or referring to the following:

1.    Any records relating or referring to the Requestors, including but not limited to records that document any monitoring, surveillance, observation, questioning, interrogation, investigation, infiltration, and/or collection of information of any of the Requestors or their activities[2];

2.    Any orders, agreements, or instructions to monitor, conduct surveillance, observe, question, interrogate, investigate, infiltrate, and/or collect information of any of the Requestors;

3.    Any records relating or referring to how, why or when any of the Requestors was selected to be a subject of monitoring, surveillance, observation, questioning, interrogation, investigation, infiltration, and/or collection of information;

4.    Any records relating or referring to how monitoring, surveillance, observation, questioning, interrogation, investigation, infiltration, and/or collection of information of any of the Requestors was or will be conducted;

5.    Any records relating or referring to the names of any other federal, state, or local government agencies participating in any monitoring, surveillance, observation, questioning, interrogation, investigation, infiltration, and/or collection of information of any of the Requestors;

6.    Any records relating or referring to the names of any other federal, state, or local government agencies to which the FBI has disseminated any records relating or referring to the Requestors;

---

[1] The term "records" as used herein includes, but is not limited to, all records or communications preserved in electronic or written form, including but not limited to correspondence, documents, data, videotapes, audio tapes, faxes, files, guidance, guidelines, evaluations, instructions, analyses, memoranda, agreements, notes, orders, policies, procedures, protocols, reports, rules, technical manuals, technical specifications, training manuals, studies, and/or computer files and databases.

[2] The term "activities" as used herein includes, but is not limited to, any advocacy, provision of services, litigation, lobbying, organizing, fundraising, meetings, marches, rallies, protests, conventions, and/or campaigns, and/or any media or communications to, from and/or about the Requestors described in Section I above in any form (including any oral, written, electronic or online communications, including but not limited to any books, pamphlets, brochures, newsletters, fundraising letters, correspondence, action alerts, e-mails, web communications, discussion groups, and/or listservs).

7.  Any records relating or referring to the specific role of the National JTTF or any local JTTF in any monitoring, surveillance, observation, questioning, interrogation, investigation, infiltration, and/or collection of information of any of the Requestors;

8.  Any records relating or referring to the specific role of any federal, state, or local government agency participating in any monitoring, surveillance, observation, questioning, interrogation, investigation, infiltration, and/or collection of information of any of the Requestors;

9.  Any records relating or referring to how records about any of the Requestors have been, will be, or might be used;

10. Any policies or procedures for analyzing records about any of the Requestors;

11. Any policies or procedures for cross-referencing records about any of the Requestors with information contained in any database;

12. Any policies or procedures for cross-referencing records about any of the Requestors with information about any other organizations or individuals;

13. Any policies or procedures for cross-referencing records about any of the Requestors with any other information not covered in numbers 10 and 11 above;

14. Any policies or procedures regarding retention of records about any of the Requestors;

15. Any policies or procedures regarding dissemination of records about any of the Requestors;

16. Any records referring or relating to the destruction of records about any of the Requestors, including any policies permitting or prohibiting the destruction of records;

17. Any records referring or relating to how records about any of the Requestors were destroyed or might be destroyed in the future;

18. Any records referring or relating to the recipient(s) of records about any of the Requestors;

19. Any policies or procedures in place to protect the privacy of records that refer or relate to the employees, members, and/or board of directors of any of the Requestors; and/or

20.   Any records relating or referring to how, why or when monitoring, surveillance, observation, questioning, interrogation, investigation, infiltration, and/or collection of information of any of the Requestors was or will be suspended or terminated.

### III.    The request for waiver of processing fees

The ACLU of Illinois requests a waiver of search and review fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II), which states that "fees shall be limited to reasonable standard charges for document duplication when records are not sought for commercial use and the request is made by . . . a representative of the news media . . . ." *See also* 28 C.F.R. §§ 16.11(c)(1)(i) & (d)(1).

The ACLU of Illinois meets the definition of "a representative of the news media" because it is "an entity that gathers information of potential interest to a segment of the public, uses its editorial skills to turn raw materials into a distinct work, and distributes that work to an audience." *National Security Archive v. Department of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989). Dissemination of information to the public is a critical and substantial component of the mission and work of the ACLU of Illinois. Specifically:

1.   The ACLU of Illinois four times per year publishes a printed newsletter regarding numerous current civil liberties issues and distributes it by U.S. mail to roughly 21,000 people.

2.   The ACLU of Illinois twice per month publishes an electronic newsletter regarding numerous current civil liberties issues and distributes it by e-mail to roughly 3,000 people.

3.   The ACLU of Illinois dozens of times per year publishes an "Action Alert" newsletter regarding pending local, state, and federal legislation and distributes it by e-mail to roughly 3,500 people.

4.   The ACLU of Illinois publishes other educational and information materials (including "Know Your Rights" documents and a host of materials created by the National ACLU) that are broadly disseminated to the public. Such material is widely available to everyone, including individuals, tax-exempt organizations, not-for-profit groups, law students and faculty, for no cost or for a nominal fee through its public education department. Such materials are often disseminated to relevant groups across the State of Illinois that then further distribute them to their own members or to other parties.

5.   The ACLU of Illinois maintains and updates a web site: http://www.aclu-il.org/. This website includes substantial information about ACLU of Illinois cases and various subject areas related to civil liberties.

6.  The ACLU of Illinois regularly communicates with the public regarding a host of civil liberties issues through national and local print and broadcast media, including through press conferences, press releases, interviews, and opinion editorial pieces. Indeed, the ACLU of Illinois receives hundreds of press calls per year. For example, the ACLU of Illinois has been quoted in the Illinois media regarding: (a) FBI "ambush interviews" of prominent Chicago-area Muslims and Arabs before and during the Gulf War of 1991; (b) modification during the late 1990s of a consent decree limiting political surveillance by the Chicago Police Department; (c) FBI detentions and interrogations of Muslim and Arab men in Chicago after September 11, 2001; (d) Chicago Police Department surveillance of organizations opposed to globalization before and during the Trans-Atlantic Business Dialogue meeting in Chicago in 2002; and (e) the civil liberties implications of the Patriot Act.

7.  The ACLU of Illinois staff regularly speak regarding a host of civil liberties issues at public education events across the State of Illinois, including before business groups, houses of worship, and students of all ages. For example, ACLU of Illinois staff on three occasions publicly debated representatives of the local U.S. Attorney's Office regarding the new surveillance powers granted by the Patriot Act to federal law enforcement officials, and on one additional occasion did so with a representative of the FBI's Chicago Field Office. Also, ACLU of Illinois staff twice publicly debated a representative of the City of Chicago regarding the new surveillance powers granted to the Chicago Police Department through modification of a consent decree. In 2003, ACLU of Illinois staff participated in more than 200 public speaking events, including scores of events relating to post-9/11 civil liberties issues.

Depending on the results of this Request, the ACLU of Illinois plans to disseminate information gathered by the Request to the public through the kinds of publications and channels listed above. The ACLU of Illinois is therefore a "news media entity." *See Electronic Privacy Information Ctr. v. Department of Defense*, 241 F. Supp. 2d 5, 10-15 (D.D.C. 2003) (finding that a non-profit public interest group that disseminated an electronic newsletter and published books was a "representative of the media" and thus entitled to waiver of processing fees).

Finally, disclosure is not in the ACLU's commercial interest. The ACLU is a "non-profit, non-partisan, public interest organization." *See Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C. Cir. 2003). In addition, the ACLU will not charge anyone a fee for any information disclosed as a result of this Request.

## IV.  The request for waiver of duplication costs

The ACLU of Illinois also requests a fee waiver for duplication costs pursuant to 5 U.S.C. §§ 552(a)(4)(A)(ii)(II) and (iii), which states that documents shall be furnished without any charge or at a reduced charge if disclosure is in the public interest because it is (1) "likely to contribute significantly to public understanding of the operations or

activities of the government," and (2) "is not primarily in the commercial interest of the requester."

Here, disclosure meets both elements of this test. This Request aims at furthering public understanding of government conduct, to wit, the government's policies, practices, and procedures with regard to the monitoring and surveillance of organizations on the basis of national origin, racial and/or ethnic background, religious affiliation, organizational membership, political views or affiliation, or participation in protest activities or demonstrations. This type of government activity concretely affects many individuals and groups and implicates basic privacy, free speech, and associational rights protected by the Constitution. This topic is one of widespread public concern at this unique historical moment, as illustrated by the wide array of newspaper articles referenced in Section V(B) below.

Moreover, disclosure of the requested information will aid public understanding of the implications of the Department of Justice's recent decision to relax guidelines that previously restricted the FBI's ability to spy on organizations without a threshold showing of suspected criminal activity. These restrictions were created in response to the Hoover-era FBI's scandalous spying on politically active individuals and organizations, despite the complete lack of evidence that such individuals and organizations had been involved in any unlawful behavior. Understanding the current scope of the FBI's surveillance and infiltration of law-abiding organizations is, therefore, crucial to the public's interest in understanding the consequences of the Department of Justice's important change in policy.

As a nonprofit organization, and as a "representative of the news media" as discussed above in Section III, the ACLU of Illinois is well-situated to disseminate information it gains from this request to the general public as well as to immigrant, religious, politically active, and other targeted communities, and to groups that protect constitutional rights. Also, as set fully forth in Section III above, the records requested are not sought for commercial use.

Finally, a fee waiver would fulfill Congress's legislative intent in amending FOIA. *See Judicial Watch*, 326 F.3d at 1312 ("Congress amended FOIA to ensure that it be 'liberally construed in favor of waivers for noncommercial requesters.'").

## V.    **The request for expedited processing**

Expedited processing of this Request is appropriate on two independent grounds.

### A.    **Expedition for "urgency to inform the public"**

Expedited processing is warranted here because there is "an urgency to inform the public about an actual or alleged federal government activity" by organizations "primarily engaged in disseminating information." 28 C.F.R. § 16.5(d)(1)(ii). *See also* 5 U.S.C. § 552(a)(6)(E)(v)(II). The records in question involve the FBI's and JTTFs' actual and

alleged activities with regard to the monitoring and surveillance of groups throughout the State of Illinois. There is an urgency to inform the public about such activities because it may bear upon the public's exercise of a number of constitutional rights. In addition, the request deals with potential disparate treatment of groups based on categories such as religion and nationality, and such potential unequal treatment is a matter necessitating immediate attention. There is particularly intense concern among potentially targeted groups about the actual or alleged federal government activity addressed by this request. Also, there is great public concern regarding the FBI's use of new surveillance powers granted to the FBI by statutory and regulatory changes after September 11, 2001. All of these public concerns are illustrated by the news coverage detailed below in Section V(B). Finally, the ACLU is "primarily engaged in disseminating information," as discussed above in Section III. *See ACLU v. DOJ*, 321 F. Supp. 2d 24, 29 n.5 (D.D.C. 2004) (holding that the Electronic Privacy Information Center is primarily engaged in disseminating information and entitled to expedited processing).

**B.    Expedition for "widespread and exceptional media interest"**

Expedited processing is independently appropriate here because the information sought relates to "a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence." 28 C.F.R. § 16.5(d)(1)(iv). The potential targeting of individuals and groups by the federal government on the basis of group membership, religion, political protest, nationality and other similar categorizations raises many questions about the government's integrity which affect public confidence in a profound way. Indeed, the instant Request relates to possible violation of First, Fourth, Fifth, and Fourteenth Amendment rights. The government's mistreatment of persons based on religion and nationality is a critical issue with a long and troubling history. Questions about the government's integrity in these areas affect the public's confidence in the government's ability to protect all of its citizens, and in the law enforcement and legal systems. *See Edmonds v. FBI*, 2002 WL 32539613, *3 (D.D.C. Dec. 3, 2002) (granting expedited processing on this basis of a FOIA request by an FBI whistle-blower for FBI documents about herself); *ACLU*, 321 F. Supp. 2d at 28-32 & n.11 (granting expedited processing on this basis for a FOIA request regarding the number of times the U.S. Department of Justice requested permission to use a surveillance power created by the Patriot Act).

Moreover, the widespread and exceptional media interest in this issue is reflected in the vast quantity of news coverage at both the local and national level. The 32 articles listed immediately following are a small portion of this massive coverage. *See Daily Star Staff, American Arabs Concerned Over FBI's 'October Plan*,' www.dailystar.com.lb, October 6, 2004; David Shepardson, *FBI Agents Hunt for Terror Leads: Agency Combs Muslim Neighborhoods for Help in Preventing Election Day Attack*, The Detroit News, October 1, 2004; Eric Lichtblau, *Subpoena Seeks Records About Delegate Lists on Web*, NY Times, August 30, 2004 at P10; Alex Bradley and John Mayer, *The War at Home: Nationwide Crackdown on Activists*, www.saveourliberties.com, September 2, 2004; Eric Lichtblau, *Protestors at Heart of Debate on Security vs. Civil Rights*, NY Times, August 27, 2004 at A9; Larry Abramson, *FBI Questioning Political Demonstrators*, NPR.org;

Susan Greene, *Activists Decry Pre-Convention Security Tactics*, The Denver Post, August 26, 2004 at A-08; Eric Lichtblau, *F.B.I. Goes Knocking for Political Troublemakers*, NY Times, August 16, 2004 at A1; Amy Herder, *Teaching the Silent Treatment*, The Denver Post, August 8, 2004 at C-01; Jayashri Srikantiah, *Few Benefits to Questioning Targeted Groups*, San Francisco Chronicle, August 6, 2004; Camille T. Taiara, *New F.B.I. Witch-Hunt*, San Francisco Bay Guardian, August 4-10, 2004; Kelly Thornton, *F.B.I.'s Home Visits Have Some Muslims Feeling Harassed, Alienated*, Signonsandiego.com, August 4, 2004; Richard Schmitt and Donna Horowitz, *FBI Starts to Question Muslims in U.S. About Possible Attacks*, latimes.com, July 18, 2004; Karen Abbott, *FBI's Queries Rattle Activist*, www.rockymountainnews.com, July 27, 2004; Mary Beth Sheridan, *Interviews of Muslims to Broaden*, www.washingtonpost.com, July 17, 2004; Gregory Meyer, *Activist groups decry cop infiltration*, Chicago Tribune, Feb. 26, 2004; Frank Main, *Police infiltration of protest groups upsets rights activists*, Chicago Sun-Times, Feb. 19, 2004; Jeff Eckhoff and Mark Siebert, *Group Fights Anti-war Inquiry*, The Des Moines Register, February 7, 2004; Jeff Eckhoff and Mark Siebert, *Anti-war Inquiry Unrelated to Terror*, The Des Moines Register, February 10, 2004 at 1A; Monica Davey, *An Antiwar Forum in Iowa Brings Federal Subpoenas*, NY Times, February 10, 2004 at A14; Monica Davey, *Subpoenas on Antiwar Protest Are Dropped*, NY Times, February 11, 2004 at A18; Michelle Goldberg, *A Thousand J. Edgar Hoovers*, www.salon.com, February 12, 2004; Michelle Goldberg, *Outlawing Dissent*, www.salon.com, February 11, 2004; Kerri Ginis, *Peace Fresno Seeks Damages*, The Fresno Bee, February 28, 2004; Eric Lichtblau, *F.B.I. Scrutinizes Antiwar Rallies*, www.nytimes.com, November 23, 2003; *F.B.I. tells offices to count local Muslims and mosques*, N.Y. Times, Jan. 28, 2003; *Seeking terrorist plots, the F.B.I. is tracking hundreds of Muslims*, N.Y. Times, Oct. 6, 2002; *Echo of F.B.I. abuses in queries on new role*, N.Y. Times, June 13, 2002; *Key Republican blasts new FBI guidelines*, CNN.com, June 1, 2002; *New FBI rules not welcomed by all*, CBSNews.com, May 31, 2002; *FBI domestic spying rules eased*, MSNBC.com, May 31, 2002; *Ashcroft permits F.B.I. to monitor Internet and public activities*, N.Y. Times, May 31, 2002. *See also F.B.I. papers describe role of young Kerry against war*, N.Y. Times, May 6, 2004.

Finally, expedition is proper because this issue has been of concern to lawmakers. *See e.g.*, Eric Lichtblau, *Inquiry into F.B.I. Question Is Sought*, NY Times A16, August 18, 2004.

C.    **Miscellaneous expedition issues**

Pursuant to applicable regulations and statute, the ACLU expects your determination of our request for expedited processing within 10 calendar days and your determination of our request for documents within 20 days. *See* 28 C.F.R. 16.5(d)(4); 5 U.S.C. § 552(a)(6)(A)(i).

Per 28 C.F.R. § 16.5(d)(2), we submit to the FBI our request for expedited processing on grounds of 28 C.F.R. § 16.5(d)(1)(ii), and we submit to the DOJ Public Affairs Office our request for expedited processing on grounds of 28 C.F.R. § 16.5(d)(1)(iv).

l affirm that the information provided above supporting this request for expedited processing is true and correct to the best of my knowledge and belief. *See* 28 C.F.R. § 16.5(d)(3).

* * *

If our request is denied in whole or in part, we ask that you justify all deletions by reference to specific exemptions of the FOIA. The ACLU of Illinois expects you to release all segregable portions of otherwise exempt material. The ACLU of Illinois reserves the right to appeal a decision to withhold any information or to deny a waiver of fees.

Thank you for your prompt attention to this matter. Please furnish all applicable records to: Harvey Grossman, Legal Director, The American Civil Liberties Union of Illinois, 180 North Michigan Avenue, Suite 2300, Chicago, Illinois 60601.

Sincerely,

Harvey Grossman
Legal Director
Roger Baldwin Foundation of ACLU, Inc.

**Appendix to ACLU of Illinois FOIA letter of December 2, 2004:**
**IDENTIFYING INFORMATION ABOUT INDIVIDUAL REQUESTORS**

Mohammed Rasheed Ahmed is the President of the Muslim Civil Rights Center.
He was born in Hyderabad, India, on January 17, 1958. He is a naturalized
citizen of the United States

Colleen Connell is the Executive Director of the ACLU of Illinois. She was born
in Dickinson, North Dakota, on March 6, 1955. She is a citizen of the United
States. Her current home address is 2925 West Leland Avenue, Chicago, Illinois
60625.

Seema Akhtar Imam is the Vice President of the Muslim Civil Rights Center. She
was born in Claremore, Oklahoma, on October 29, 1953. She is a citizen of the
United States. Her current home address is 8701 South 84th Avenue, Hickory
Hills, Illinois 60457.

Kareem M. Irfan is the Chairman of the Council of Islamic Organizations of
Greater Chicago. He was born in Hyderabad, India, on April 9, 1960. He is a
naturalized citizen of the United States. His current home address is 528 Delkir
Court, Naperville, Illinois 60565.

Zubair Ahmad Kahn is the President Elect of the Muslim Bar Association. He
was born in Chicago, Illinois, on June 30, 1976. He is a citizen of the United
States. His current home address is 1155 West Madison Avenue, apartment #302,
Chicago, Illinois 60607.

Michael John McConnell is the Regional Director of the Great Lakes Region of
the American Friends Service Committee. He was born in Decatur, Indiana, on
December 14, 1946. He is a citizen of the United States. His current home
address is 1770 West Highland Street, Chicago, Illinois 60660.

Kevin McDermott is the Executive Director of the Oak Park Coalition for Truth
and Justice. He was born in Chicago, Illinois, on May 3, 1954. He is a citizen of
the United States. His current home address is 2127 Portsmouth Avenue,
Westchester, Illinois 60154. He recently moved there from 718 South Taylor
Avenue, Oak Park, Illinois 60304.

Ed McManus is the Executive Director of the Chicago Area Chapter of the
Fellowship of Reconciliation. He was born in Evanston, Illinois, on June 27,
1936. He is a citizen of the United States. His current home address is 901
Gregory Street, Wilmette, Illinois 60091.

i

Calvin Morris is the Executive Director of the Community Renewal Society. He was born in Philadelphia, Pennsylvania, on March 16, 1941. He is a citizen of the United States. His current home address is 6901 South Oglesby Avenue, Chicago, Illinois 60649.

Mohammed Yaser Tabbara is the Executive Director of the Chicago Chapter of the Council on American-Islamic Relations. He was born in Chicago, Illinois, on October 18, 1975. He is a citizen of the United States. His current home address is 3019 West Logan Boulevard, apartment #3, Chicago, Illinois 60647.

## NOTARIZED AUTHORIZATION

I, _MOHAMMED RASHEED AWAD_, as the _MYSELF_ of _____, hereby
authorize my attorneys, _AMERICAN CIVIL LIGERTIES_ to submit the attached "Request Under
Freedom of Information Act and Privacy Act" to the Federal Bureau of Investigation and
receive any responsive records on behalf of _MYSELF_.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _29_ day of _NOVEMBER_, 2004 in _HICKORY HILLS_
_IL 60457_

_8833 DEWEY LN_
_HICKORY HILLS, IL_
_60457_

SWORN TO AND SUBSCRIBED
before me this _29_ day of _NOV_, 2004

Notary Public

Official Seal
Rafeeq Jaber
Notary Public State of Illinois
My Commission Expires 07/23/08

58401v1

AUTHORIZATION

I, Colleen Connell, hereby authorize my attorneys, Harvey Grossman and Adam Schwartz, to submit the attached "Request Under Freedom of Information Act and Privacy Act" to the Federal Bureau of Investigation and receive any responsive records on my behalf.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 30th day of November, 2004.

Colleen Connell

## AUTHORIZATION

I, Seema Akhtar Imam, hereby authorize my attorneys, Harvey Grossman and Adam Schwartz, to submit the attached "Request Under Freedom of Information Act and Privacy Act" to the Federal Bureau of Investigation and receive any responsive records on my behalf.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the _30th_ day of _November_, 2004.

_Seema Akhtar Imam_

## AUTHORIZATION

I, Kareem M. Irfan, hereby authorize my attorneys, Harvey Grossman and Adam Schwartz, to submit the attached "Request Under Freedom of Information Act and Privacy Act" to the Federal Bureau of Investigation and receive any responsive records on my behalf.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the _1st_ day of ___December___, 2004.

_Kareem M. Irfan_

Kareem M. Irfan

## NOTARIZED AUTHORIZATION

I, _Zubair Khan_____, hereby authorize my attorneys, _the American Civil Liberties Union_ to submit the attached "Request Under Freedom of Information Act and Privacy Act" to the Federal Bureau of Investigation and receive any responsive records on my behalf.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _30_ day of _November_, 200_4_ in _Chicago, IL_____.

SWORN TO AND SUBSCRIBED
before me this _9th_ day of _November_, 200_4_

_____
Notary Public

"OFFICIAL SEAL"
MARSHA SULLIVAN
NOTARY PUBLIC STATE OF ILLINOIS
COMMISSION EXPIRES 11/08/06

## AUTHORIZATION

I, Michael J. McConnell, hereby authorize my attorneys, Harvey Grossman and Adam Schwartz, to submit the attached "Request Under Freedom of Information Act and Privacy Act" to the Federal Bureau of Investigation and receive any responsive records on my behalf.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the __1__ day of _DECEMBER_, 2004.

Michael J. McConnell

## AUTHORIZATION

I, Kevin McDermott, hereby authorize my attorneys, Harvey Grossman and Adam Schwartz, to submit the attached "Request Under Freedom of Information Act and Privacy Act" to the Federal Bureau of Investigation and receive any responsive records on my behalf.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 29 day of November, 2004.

Kevin McDermott

AUTHORIZATION

I, Ed McManus, hereby authorize my attorneys, Harvey Grossman and Adam Schwartz, to submit the attached "Request Under Freedom of Information Act and Privacy Act" to the Federal Bureau of Investigation and receive any responsive records on my behalf.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 30th day of November , 2004.

Ed McManus

## AUTHORIZATION

I, Calvin Morris, hereby authorize my attorneys, Harvey Grossman and Adam Schwartz, to submit the attached "Request Under Freedom of Information Act and Privacy Act" to the Federal Bureau of Investigation and receive any responsive records on my behalf.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 1st day of December , 2004.

_____
Calvin Morris

Calvin S. Morris

## NOTARIZED AUTHORIZATION

I, YASER TABBARA, hereby authorize my attorneys, the American Civil Liberties Union to submit the attached "Request Under Freedom of Information Act and Privacy Act" to the Federal Bureau of Investigation and receive any responsive records on my behalf.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of November 2004 in TCF Bank.

SWORN TO AND SUBSCRIBED
before me this 5th day of November 2004

_____
Notary Public

Mir Majd Ali

```
"OFFICIAL SEAL"
MIR MAJID ALI
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 08-06-2008
```

S8464v1