# EXHIBIT  D

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, *et al.*, <br><br> Defendants. | Civil Action <br> No. 1:05-cv-1004 (ESH) <br><br> Judge Ellen S. Huvelle |

DECLARATION OF BEN WIZNER

I, BEN WIZNER, do hereby state and declare as follows:

1.　　I am a Staff Attorney in the ACLU's National Legal Department in New York, where I have been employed since October of 2004. Prior to that, I was a Staff Attorney at the ACLU of Southern California, where I began working in August of 2001. I submit this declaration in support of plaintiffs' reply memorandum in support of their motion for a preliminary injunction and in opposition to defendants' motion for partial summary judgment and an *Open America* stay. The statements herein are based on my personal knowledge and information obtained in the course of my official duties.

2.　　I am submitting this Declaration in response to incorrect factual statements that are contained in the Declaration of David M. Hardy, Section Chief of the Record/Information Dissemination Section, Records Management Division, of the FBI. Specifically, in footnotes 2, 3, 4, and 5 of Mr. Hardy's Declaration, Mr. Hardy incorrectly describes a conversation between me and FBI employee Margaret Jackson, during which Ms. Jackson and I discussed the scope of the ACLU's requests. Mr. Hardy was not a party to that conversation.

3. Mr. Hardy accurately states that I spoke by telephone with Ms. Jackson on March 14, 2005. On that date, Ms. Jackson called me to make sure that she correctly understood which FBI offices our FOIA requests were addressed to. I explained that, except where noted, the requests were addressed to all eight FBI offices listed (headquarters and seven field offices), by all seven requestors. *See* Exhibit A to Plaintiffs' Motion for a Preliminary Injunction. Footnotes 1 through 4 of our letter narrowed the request with respect to certain field offices, by limiting the search of the Detroit Field Office, for example, to requestor ADC, and of the Richmond Field Office to requestor PETA. But, except where otherwise noted, the FBI was to search each FBI office (including headquarters) for records relating to each requestor. Ms. Jackson was concerned that the footnotes might be read to limit not the field offices, but the requestors. In other words, she said that her colleagues might construe the request to mean that the FBI need only search for ADC's records at the Detroit Field Office – rather than only searching the Detroit Field Office for ADC's records, as we intended. Following my explanation, Ms. Jackson assured me that she understood, but she wanted to make sure that she could pass on the requestors' intent to the reviewers at the next level.

4. Here is how a correct version of the chart in that appears in paragraph 8 of David Hardy's declaration would look:

| Subject | FOIPA Number | Searches at FBIHQ and Field Offices |
|---|---|---|
| ACLU/F | 1010242 | Headquarters; New York; Los Angeles; Washington |
| ADC | 1010243 | Headquarters; New York; Los Angeles; Washington; Detroit; San Francisco |
| Code Pink | 1010244 | Headquarters; New York; Los Angeles; Washington; Boston |

| | | |
|---|---|---|
| Greenpeace | 1010245 | Headquarters; New York; Los Angeles; Washington |
| MPAC | 1010246 | Headquarters; New York; Los Angeles; Washington |
| PETA | 1010247 | Headquarters; New York; Los Angeles; Washington; Richmond |
| UFPJ | 1010248 | Headquarters; New York; Los Angeles; Washington; Boston |

5.  Notwithstanding my conversation with Ms. Jackson, the FBI appears to have misread the footnotes as limitations on the *requestors*, rather than limitations on the *field offices*. As a result, some of its searches were broader than our requests, and some – for ADC, Code Pink, PETA, and UFPJ – were much narrower.

6.  After reading Mr. Hardy's incorrect characterization of a telephone call in which he did not participate, I immediately contacted Anthony J. Coppolino, lead counsel for defendants in this action. Mr. Coppolino asked me to put my concerns in writing and to send them to him by email, so that he could forward them to his client for review and follow up. I did so on July 7, 2005.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 18, 2005

Benjamin E. Wizner