IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, et al., <br><br> Defendants. | Civ. A. No. 05-CV-1004 (ESH) |

### DECLARATION OF MARGARET PAYNE JACKSON

I, Margaret Payne Jackson, declare as follows:

(1) I am currently the Unit Chief of the Service Request Unit ("SRU"), Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since October 1, 2001. Prior to that, from August 1, 1999 to September 30, 2001, I was assigned as a Unit Chief in the Freedom of Information-Privacy Act ("FOIPA") Section (the predecessor to RIDS) in FBIHQ. Prior to that, from August 1988 to July 1999, I was assigned as a Supervisory Paralegal Specialist in the FOIPA Section, initially in the Office of Public and Congressional Affairs and subsequently in RMD. I have been employed by the FBI since June 11, 1972.

(2) The SRU is responsible for reviewing and sorting all correspondence/incoming requests for information from the public, Congress, Presidential Libraries, foreign governments, other federal and

state agencies, and other FBI entities (i.e., FBI field offices, Legats). The SRU handles various initial tasks required to "perfect" a FOIA/Privacy Act request, including sending letters to acknowledge requests, advising a requester to provide identifying data so that an accurate records search can be made and/or to submit a notarized signature/Privacy Act waiver, or advising a requester when no responsive records are located; opens new requests and assigns a FOIPA Request Number; and enters the perfected requests into the FDPS tracking system. The Negotiation Team, also a part of SRU, works with requesters whose requests generate a large volume of records in an attempt to narrow the scope of responsive records and facilitate a more rapid response. Finally, the Government Response Team ("GRT"), also a part of SRU, provides timely feedback to other federal agencies and other DOJ components with regard to referrals of documents – either sent for a consultation or for direct response to the requester – which are either FBI-originated or contain FBI-originated information.

(3)   The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith. Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the treatment which has been afforded the multi-part FOIA requests of plaintiffs American Civil Liberties Union ("ACLU"), the ACLU Foundation, the American-Arab Anti Discrimination Committee ("ADC"), Greenpeace, Code Pink, People for the Ethical Treatment of Animals ("PETA"), and United for Peace and Justice ("UFPJ") (hereinafter collectively "plaintiffs"),

who collectively seek access to documents related to the Joint Terrorism Task Forces ("JTTF"), the National Joint Terrorism Task Force ("NJTTF"), in connection with plaintiffs' groups and individuals.

(4) I have reviewed the Declaration of Ben Wizner dated July 18, 2005, which discusses allegedly "incorrect factual statements" in the July 1, 2005 Declaration of David M. Hardy ("First Hardy Declaration"), in connection with a telephone conversation that I had with Mr. Wizner on or about March 14, 2005, and the FBI's interpretation of plaintiffs' December 2, 2004 FOIA request (see Exhibit B to First Hardy Declaration). I am submitting this declaration in support of defendants' reply in support of the motion for partial summary judgment and request for an Open America stay in order to clarify certain factual disputes that have been raised by plaintiffs in their recent filing.

(5) Following receipt of plaintiffs' December 2, 2004 request, SRU conducted an initial search for the request related to Code Pink at FBIHQ, Boston, Los Angeles, New York and Washington Field Offices. After these search efforts revealed no responsive records for Code Pink, the FBI notified plaintiffs of these results by letter dated March 3, 2005. Moreover, SRU also began a search for the request related to UFPJ in the same five offices – FBIHQ, Boston, Los Angeles, New York and Washington Field Offices. However, when SRU started to address the other subject matters, confusion arose as to the meaning of the footnotes in the request letter and we realized that the request could be interpreted differently, i.e., that certain subjects were limited to certain field offices. Footnotes 1 to 4 on the first page of plaintiffs' December 2, 2004 request was that the request for documents concerning the ADC, Code Pink, UFPJ and PETA appeared to be limited to particular FBI field offices. Each footnote indicates that the FOIA request is addressed to a particular field office

"only" as it relates to one of the requesters. For example, footnote 1 states that "[t]his Request is addressed to the Detroit Field Office only as it relates to Requestor American-Arab Anti-Discrimination Committee."

(6) In my capacity as Unit Chief of the SRU, and as a result of the ambiguity in the footnotes, I personally contacted ACLU representative Ben Wizner telephonically on March 14, 2005 to obtain clarification with regard to the scope of the search sought by the ACLU. Based on my telephone conversation with Mr. Wizner, I understood that the footnotes on page 1 of its December 2, 2004 FOIA request letter were intended to limit the FBI's searches as follows: (a) with respect to ADC: search only the San Francisco Field Office and the Detroit Field Office; (b) with respect to Code Pink, search only the Boston Field Office; (c) with respect to PETA: search only the Richmond Field Office; and (d) with respect to UFPJ, search only the Boston Field Office and the Detroit Field Office. Moreover, during this telephone conversation, Mr. Wizner and I agreed that the FBI would conduct searches with respect to ACLU and ACLU Foundation, Greenpeace and MPAC at: FBIHQ, New York, Los Angeles, and Washington Field Office ("WFO"). Following my March 14, 2005 telephone conversation with Mr. Wizner, I documented a summary of the details of our conversation in an electronic note which I placed in our FOIPA Document Processing System ("FDPS") to alert everyone in RIDS who worked on this case as to the scope of the searches involved. **(See Exhibit A attached hereto.)**

(7) As a result of my March 14, 2005 telephone conversation with Mr. Wizner, we limited our search for UFPJ to only the Boston Field Office and closed it as a "no record" on March 24, 2005.

SRU subsequently reopened this case on April 6, 2005 and processed records that had subsequently been located in the Boston Field, and made a release of the Boston Field Office records on June 27, 2005.

(8) Despite my March 14, 2005 telephone conversation with Mr. Wizner, it now appears that Mr. Wizner has a different understanding of the scope of the searches the FBI would conduct (i.e., the FBI "appears to have misread the footnotes as limitations on the *requestors*, rather than limitations on the *field offices*"), than the understanding I took away from our conversation, as reflected above. I do not believe SRU made any search "errors" previously, and we gave a reasonable interpretation to a confusing set of footnotes in plaintiffs' December 2, 2004 request letter. Nevertheless, SRU has now begun efforts to modify the scope of our previous searches, and we have commenced renewed searches for ADC and PETA at FBIHQ, New York, Los Angeles and WFO. See descriptive chart attached to Second Hardy Declaration as Exhibit A.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and that Exhibit A attached hereto is a true and correct copy.

Executed this ___27___ day of July, 2005.

*(signature)*
MARGARET PAYNE JACKSON
Unit Chief
Service Request Unit
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

-6-

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v.   ) | Civ. A. No. 05-CV-1004 (ESH) |
| ) | |
| FEDERAL BUREAU OF INVESTIGATION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

# EXHIBIT A

```
-----Original Message-----
From: JACKSON, MARGARET P. (RMD) (FBI)
Sent: Friday, March 11, 2005 10:22 AM
To: PEERCE, PENNY L. (RMD) (FBI); DANCY, LAURESE R (RMD)(FBI)
Cc: WHITMORE, GLORIA (RMD) (FBI)
Subject: ANN Beeson ACLU Requests
```

UNCLASSIFIED
NON-RECORD


I received a call from Ben Wizener, Ann Beesom's rep. this morning.

Per Mr. Wizener the Detroit, Boston, Richmond and San Franciso are mentioned soley for the subject listed in the footnote on page 1 of the request letter.  Search only for the ones listed in the foot note.

For all other subjects we search HQ, NY, Los Angeles and WMFO.

For example, on the subject American-Arab Anti-Discrimintion Committee you search only the Detroit Office.

Please put a note in each of the folders regarding this.  You may want to scan in this email.

Thank you