# MEMORANDUM

| | |
|---|---|
| **To:** | Tony Coppolino |
| **From:** | Ben Wizner and Scott Michelman |
| **Re:** | Scope of Dispute for FOIA Summary Judgment |
| **Date:** | December 28, 2005 |

After reviewing the two Hardy declarations and attached exhibits the government has provided, we are prepared to narrow the scope of the documents we'll seek to have released.

We will narrow the scope of the dispute in two ways. First, using the government's classification codes (as laid out in the Hardy declarations), we can identify certain claims of exemption we do not wish to challenge. Specifically, we do not wish to litigate any withholdings or redactions claimed under any of the following codes:

- (b)(2)-1, -2, -3, and -5
- (b)(6)-1, -2, -3, and -6
- (b)(7)(C)-1, -2, -3, and -6
- (b)(7)(D)-3 and -5

Second, using the government's Vaughn index for documents withheld in full, we can identify several groups of documents the withholding of which we will not challenge. Specifically, we do not wish to litigate over the following documents:

- ACLU Bates # 1481-1 to 1481-35

1

        1482-1 to 1482-13, and 1482-21 to 1482-40

        1896-1 and 1896-2

        140-1 to 140-7

        159-1 to 159-13

      With respect to the remaining material that we identified in our request for a Vaughn index (including both documents withheld in full and documents redacted), we do not have enough information to determine that the withheld material is not of interest to us, and therefore we will litigate the remainder of the withholdings and redactions in the Vaughn. To clarify: we will litigate all redactions withheld under any code other than those cited above, and we will litigate all fully withheld documents except those we have identified above. For documents fully withheld both for reasons we wish to challenge and reasons we do not wish to challenge, we will seek the disclosure only of the material withheld pursuant to codes we are challenging. For example, in a document withheld both under code b(1) and (b)(2)-1, we will seek only the disclosure of the material withheld pursuant to b(1).

      Finally, we'd like to call your attention to one apparent oversight: Exhibit B to the Fourth Declaration of David M. Hardy (the list of withheld MPAC and ADC documents) lists a number of documents as "no longer being withheld in full." In most cases, each document that is so labeled has been provided (albeit in redacted form) in Exhibit A, in lieu of the standard form indicating that a document is being withheld in full. In three instances, however, documents

described in Exhibit B as "no longer being withheld in full" were not provided in Exhibit A. These documents are: ACLU Bates # 512-1, 513-1, and 518-37. Please provide copies of these documents.

    Thank you.

# Bressler, Steven (CIV)

| | |
|---|---|
| **From:** | smichelman@aclu.org |
| **Sent:** | Wednesday, February 22, 2006 6:14 PM |
| **To:** | Bressler, Steven (CIV); bwizner@aclu.org |
| **Subject:** | RE: ACLU/JTTF: |

Hi Steve,

First, I can confirm what I told you on the phone a short while ago: we are not challenging the adequacy of the search.

Second, we are prepared to take off the table the following 21 documents (referenced by organization and document number from your chart of February 10), totalling 178 pages:

PETA:      #52
MPAC:      #79, 93, 99, 101, 102, 103, 104, 106, 108, 109, 110
Greenpeace:  #116, 117, 118, 119, 134, 150, 151, 156, 159

Hope this helps.

-Scott


-----Original Message-----
From: Steven.Bressler@usdoj.gov [mailto:Steven.Bressler@usdoj.gov]
Sent: Wednesday, February 22, 2006 5:50 PM
To: Ben Wizner; Scott Michelman
Subject: RE: ACLU/JTTF:


Thanks, and we'll certainly reciprocate if necessary.  I will note that in any motion.

I do have another question for you; please give me a call when you have a moment.

-----Original Message-----
From: bwizner@aclu.org [mailto:bwizner@aclu.org]
Sent: Wednesday, February 22, 2006 5:13 PM
To: Bressler, Steven (CIV); smichelman@aclu.org
Subject: RE: ACLU/JTTF:


Hi Steve -- We'll get back to you on the documents in an hour or so.  Of course we consent to your exceeding the page limit, with the understanding that you will reciprocate if necessary.  --Ben



-----Original Message-----
From: Steven.Bressler@usdoj.gov [mailto:Steven.Bressler@usdoj.gov]
Sent: Tuesday, February 21, 2006 5:12 PM
To: Scott Michelman; Ben Wizner
Subject: RE: ACLU/JTTF:


Thanks, I'll look forward to hearing from you.

Depending, of course, on what you have to tell me, at this time I anticipate I'll need to exceed the local rules 45-page limit; I think and hope 60 or 65 pages will do it.  Would you oppose a motion to exceed the page limit?  I would be happy for the new limit to apply to your brief in opposition, as well.

Steve

-----Original Message-----
From: smichelman@aclu.org [mailto:smichelman@aclu.org]
Sent: Tuesday, February 21, 2006 1:14 PM
To: Bressler, Steven (CIV); bwizner@aclu.org
Subject: RE: ACLU/JTTF:

Hi Steve,

We've been pretty swamped here so unfortunately haven't had time to get through everything yet.  But we'll try to have something for you by the end of the day Wednesday.

Thanks,
Scott


-----Original Message-----
From: Steven.Bressler@usdoj.gov [mailto:Steven.Bressler@usdoj.gov]
Sent: Sunday, February 19, 2006 4:15 PM
To: Ben Wizner
Cc: Scott Michelman
Subject: RE: ACLU/JTTF:


Ben & Scott,

Can we take any of the indexed documents off the table based on the information in the chart I sent you on 2/10?  If you don't know yet, do you have an estimate of when you will?

Thanks in advance,
Steve

-----Original Message-----
From: Bressler, Steven (CIV)
Sent: Friday, February 10, 2006 5:06 PM
To: 'bwizner@aclu.org'
Cc: 'smichelman@aclu.org'
Subject: ACLU/JTTF:
Importance: High

Ben,

As we've discussed, here is an updated chart/index further describing the documents still in dispute.  If there is more we can cross off, please let me know asap.

Also, the apparently 'missing' portion of the NJTTF production you asked about, section 6 of administrative folder 3, was not produced because it is outside the scope of your request.  I am happy to discuss further.

Best,
Steve

_____

Steven Y. Bressler
Trial Attorney
Civil Division, Federal Programs Branch
U.S. Department of Justice
20 Massachusetts Ave., NW
Washington, D.C. 20001
Tel. (202) 514-4781
Fax (202) 318-7609
Steven.Bressler@USDOJ.gov