IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES UNION, et al., <br><br>  Plaintiffs, <br><br>  v. <br><br> FEDERAL BUREAU OF INVESTIGATION, et al., <br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)  Civ. A. No. 05-CV-1004 (ESH)<br>)<br>)<br>)<br>)<br>)<br>) |

### SIXTH DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1) I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to my joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate, at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

(2) In my official capacity as Section Chief of RIDS, I supervise approximately 257 employees who staff a total of ten (10) Units and a field operational service center whose collective mission is to effectively plan, develop, direct and manage responses to requests for

access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order 12958, as amended; Presidential, Attorney General and FBI policies and procedures; judicial decisions and other Presidential and Congressional directives. My responsibilities also include the review of FBI information for classification purposes as mandated by Executive Order 12958, as amended,[1] and the preparation of affidavits/declarations in support of Exemption 1 claims asserted under the FOIA.[2] I have been designated by the Attorney General of the United States as an original classification authority and a declassification authority pursuant to Executive Order 12958, as amended, §§ 1.3 and 3.1. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)    Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of the FOIA, 5 U.S.C. § 552 and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am aware of the treatment which has been afforded the multi-part FOIA requests of plaintiffs American Civil Liberties Union ("ACLU"), the ACLU Foundation, the American-Arab Anti-Discrimination Committee ("ADC"), the Muslim Public Affairs Council ("MPAC"), People for Ethical Treatment of Animals ("PETA"), Greenpeace, and United for Peace and Justice ("UFPJ"), hereinafter "plaintiffs," who collectively seek access to documents related to the Joint Terrorism Task Force ("JTTF"), the National Joint Terrorism Task Force ("NJTTF"), in connection with plaintiffs' groups and individuals.

---

[1] 60 Fed. Reg. 19825 (1995) and 68 Fed. Reg. 15315 (2003).

[2] 5 U.S.C. § 552 (b)(1).

(4)   I have reviewed plaintiffs' Opposition to Defendant's Motion for Partial Summary Judgment ("Opposition"). This declaration is submitted in response to plaintiffs' Opposition, which challenges the adequacy of the FBI's <u>Vaughn</u> declaration and Exhibits. Many of plaintiffs' concerns regarding the lack of detail and specificity of "the <u>Vaughn</u> index" are addressed by a companion/conjunctive review of my prior declaration -- the Fifth Hardy Declaration -- <u>together with</u> Exhibit A to the Fifth Hardy Declaration (which consists of a detailed chart of all of the documents which plaintiffs continue to challenge). A conjunctive review of this material presents a complete picture of the nature of the FBI's redactions and defeats a majority of plaintiffs' concerns regarding lack of detail and specificity.

(5)   Plaintiffs point to two inadvertent processing errors to argue that the entire processing which the FBI has done here is flawed. As discussed below, each of these inadvertent errors has a logical and reasonable explanation.

(6)   With respect to Document # 61 (ACLU Bates pages 299-302), discussed in plaintiffs' opposition at p. 13 n.3, the version of the document that was initially released to plaintiffs and which is posted at http://www.aclu.org/spyfiles/jttf/299_302.pdf reflects the correct redactions. At the time the FBI was preparing its <u>Vaughn</u> declaration, it was noted that Exemption 7(A) should have been asserted on all four pages, and it had in fact only been asserted on two of the four pages. As a result, the FBI FOIA analyst added Exemption 7(A) to the four pages, thereby inadvertently causing all the text of the document to be withheld in full. This resulted in more information being redacted than had been released previously, which was not the intended result. A correct version of ACLU Bates pages 299-302 is attached hereto as Exhibit A.

(7)     Plaintiffs also point to a processing inconsistency between ACLU Bates pages 519-2 and 529. A side-by-side comparison of these two pages -- which are not identical, but rather two different versions of Electronic Communications ("ECs") that each contain similar information -- reveals that the FBI made two different inadvertent releases of information. First, on ACLU Bates Page 519-2, the FBI inadvertently released the phrase "subject in instant investigation" in the fourth paragraph from the bottom of the page. This phrase was protected in ACLU Bates Page 529 pursuant to Exemptions (b)(2)-4, (b)(6)-4 and (b)(7)(C)-4 and should have also been protected pursuant to those exemptions on ACLU Bates page 519-2. Second, on ACLU Bates page 529, the FBI inadvertently released two classified file numbers and the classified letters on the third line of the "Title" line which were in fact classified and protected pursuant to Exemption (b)(1) on ACLU Bates page 519-2. These disclosures were inadvertent and, based on a re-review of the documents in preparation for this declaration, appear to be isolated incidents.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct, and Exhibit A attached hereto is a true and correct copy.

Executed this 24th day of March, 2006.

DAVID M. HARDY
Section Chief
Record/Information Dissemination
  Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AMERICAN CIVIL LIBERTIES UNION, et al., )
                                        )
        Plaintiffs,                     )
                                        )
             v.                         )    Civ. A. No. 05-CV-1004 (ESH)
                                        )
FEDERAL BUREAU OF INVESTIGATION,        )
    et al.,                             )
                                        )
        Defendants.                     )
                                        )
_____ )

# EXHIBIT A

(Rev. 08-28-2000)  ALL INFORMATION CONTAINED
HEREIN IS UNCLASSIFIED EXCEPT
WHERE SHOWN OTHERWISE

S̶E̶C̶R̶E̶T̶

DATE: 12-20-2005
CLASSIFIED BY 65179 DMH/HKG/CH
REASON: 1.4 (C)
DECLASSIFY ON: 12-20-2030

# FEDERAL BUREAU OF INVESTIGATION

b7A

Precedence: ROUTINE                     Date: 11/15/2002

To: Counterterrorism         Attn: SSA ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒
    Detroit                        SA ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒

From: Los Angeles                                       b2 -1
      Squad 1/West Covina RA
      Contact: SA ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒               b6 -1

Approved By: ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒                          b7C -1

Drafted By: ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒

Case ID #: (S) ▒▒▒▒▒▒▒▒▒▒▒▒▒▒ (Pending)                 b1

Title: (S) ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒
           ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒  (S)
           ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒
           IT ▒▒▒▒▒▒▒▒▒▒▒ (S)                           b1
           OO: LOS ANGELES

(U) ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒
    ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒
    ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒

                                                    out of scope

DATE: 09-09-2005
CLASSIFIED BY 60309AUCtam/dcg/cad                        OTHER
REASON: 1.4 (C)
DECLASSIFY ON: 09-09-2030

299

SECRET                                  **b7A**

To: Counterterrorism  From: Los Angeles
Re: (S[redacted])  11/15/2002   b1     out of scope
                  (S)

[large redacted block — b1]

25.) A contact list for the "Attendees at the Third National Organizing Conference on Iraq, Stanford, CA: May 25 - 26, 2002. The contact information is listed as follows:



Affiliated with:
American-Arab Anti-Discrimination Committee,
[redacted]                                    b6 -4,5
(Agent note: Ref. in [redacted]) b7A          b7C -4,5

[redacted block]                              b6 4,5
                                              b7C 4,5

SECRET

12

300

SECRET                                    b7A

To: Counterterrorism  From: Los Angeles   b1
Re: (S)☒☒☒☒☒☒  11/15/2002
              (S)                          out of scope

☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒  b6 -4,5
                    b7C -4,5

☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒  b6 -4,5

☒☒☒☒☒☒☒☒☒☒☒☒  b6 -4,5   b7C -4,5
              b7C -4,5

☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒  b6 -4,5
                    b7C -4,5

☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒  b6 -4,5
                    b7C -4,5

☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒☒  b6 -4,5
                  b7C -4,5

☒☒☒☒☒☒☒☒☒☒  b6 -4,5
            b7C -4,5

Representing: American Arab Anti-Discrimination Committee

☒☒☒☒☒☒☒☒☒☒☒☒

SECRET

21

301

SE̶CRET                                       b7A

To:  Counterterrorism  From:  Los Angeles   b1
Re:  (S)▨▨▨▨▨▨▨▨  11/15/2002
              (S)           OTHER       out of scope

▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨

36.) Flier for: American-Arab Anti-Discrimination Committee (ADC), at 4201 Connecticut Ave., NW, Suite 300, Washington DC 20008, Tel: (202) 244-2990, Fax: (202) 244-3196, E-mail: adc@adc.org.

▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨▨

SE̶CRET
28

302